UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CYNTHIA JUSTINE HUNTER,

    Plaintiff,

v.

CAUSE NO. 3:24-CV-565-CCB-MGG

ADDISON ON MAIN, *et al.*,

    Defendants.

OPINION & ORDER

    Cynthia Justine Hunter filed a *pro se* complaint and *in forma pauperis* motion initiating this case on July 12, 2024. Four days later, Hunter timely amended her complaint [DE 3] as a matter of course under Fed. R. Civ. P. 15(a)(1)(A). "When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). As a result, Hunter's original complaint [DE 1] has been superseded and is no longer operative. Hunter also filed an amended *in forma pauperis* motion with her amended complaint. Therefore, her original *in forma pauperis* motion [DE 2] has been superseded and is denied as moot accordingly.

    Hunter's amended complaint names as defendants The Addison on Main apartment complex where she resides, Gene B. Glick who she identifies as the landlord, and the Mishawaka Housing Authority. The amended complaint alleges that Defendants did not intervene when an upstairs tenant committed crimes against Hunter; filed illegal eviction proceedings against Hunter in state court; lied to the state court; and retaliated against Hunter for calling the police for assistance with abusive conduct from her upstairs neighbor.

    When assessing an *in forma pauperis* motion, the court must first determine whether a plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, the complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Hunter's amended complaint, prepared using the Court's civil complaint form, includes 36 pages of supporting documents. Among those documents are a lease signed by Hunter; Lease Violation Notices and a Lease Termination letter sent to Hunter; the State Case Summary for an active eviction case against Hunter in St. Joseph Superior Court; documents related to state orders of protection; and a police report by Hunter's neighbor regarding Hunter's conduct toward her. Hunter seeks relief in the form of imprisonment, monetary damages, revocation of license, and preclusion of participation in HUD rental assistance programs.

The Court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Hunter does not explicitly make any jurisdictional allegations but does allege that she and all three defendants reside in Indiana. With all parties residing in Indiana, Hunter has not pled subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Substantively, Hunter complains about how she was treated by Defendants but does not link that alleged conduct to any issues of federal law. Therefore, she has not pled federal question jurisdiction as to any of those claims either. *See* 28 U.S.C. § 1331.

This Court is also precluded from exercising jurisdiction over claims that seek review of state court decisions. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 464 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). The *Rooker-Feldman* doctrine bars attacks on issues actually decided in state court and those "inextricably intertwined" with the state judgment. *Feldman*, 460 U.S. at 482–84 n.16. A claim is "inextricably intertwined" with a state court decision if the district court "is in essence being called upon to review the state court decision." *Id.* Construing Hunter's amended complaint liberally, this Court would have to review state court proceedings to assess Hunter's claims of illegal eviction proceedings; lies to the state court; and any challenge to state court orders of protection. These claims are inextricably intertwined with state court proceedings and cannot be heard by this Court.

Hunter also moves for a preliminary injunction. [DE 5]. Through this motion, Hunter asks this Court to issue an injunction to stop her eviction after the state court refused to allow her into the eviction hearing because she arrived late. To obtain a preliminary injunction, an applicant must establish (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm to the plaintiff if injunctive relief is denied. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012), *cert. denied*, 569 U.S. 1004 (2013). For the reasons discussed above, Hunter cannot satisfy the first requirement. Thus, the motion is denied.

Ordinarily, a court should afford a *pro se* litigant an opportunity to cure defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Hunter to amend her complaint if, after reviewing this order, she believes that she can state a viable claim for relief, consistent with the allegations she has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a *pro se* litigant, an

3

opportunity to amend [her] complaint"). Hunter has through August 12, 2024, to file an amended complaint.

An amended complaint must (1) contain a short and plain statement of jurisdiction; (2) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief and providing Defendants with fair notice of the claim and its basis; (2) include a demand for the relief sought; and (3) identify what injury she claims to have suffered and what persons are responsible for each such injury. Any amended complaint will completely replace the operative complaint of record. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action. If Hunter files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915 as part of the Court's analysis of Hunter's pending *in forma pauperis* motion. If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

For these reasons, the court:

(1) **DENIES AS MOOT** Hunter's first *in forma pauperis* motion [DE 2];

(2) **TAKES UNDER ADVISEMENT** Hunter's operative *in forma pauperis* motion [DE 4];

(3) **GRANTS** Hunter until August 12, 2024, to file an amended complaint;

(4) **CAUTIONS** Hunter that if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(ii) without further notice because the current amended complaint does not establish subject matter jurisdiction or state a claim for which relief can be granted; and

(5) **DENIES** the motion for preliminary injunction [DE 5].

4

SO ORDERED.

July 19, 2024

                                            …/s/ *Cristal C. Brisco*
                                            CRISTAL C. BRISCO, JUDGE
                                            UNITED STATES DISTRICT COURT